UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTELIDENT SOLUTIONS, LLC,
a Delaware Corporation,

    Plaintiff,

v.                                          Case No. 8:19-cv-2606-MSS-CPT

CALVETTI FERGUSON, LLC, a
Texas Limited Liability Corporation,
and CHIN YU, an individual,

    Defendants.
_____/

# **O R D E R**

Before the Court is a *Joint Motion for Entry of 502(d) Order* and accompanying proposed order filed by Plaintiff Intelident Solutions, LLC (Intelident) and non-party Hancock Whitney Bank (Hancock). (Docs. 189, 189-1). By way of their motion, Intelident and Hancock seek judicial approval of a proposed protective order under Federal Rule of Evidence 502(d) that memorializes the processes by which they will handle information covered by the attorney-client privilege and/or the attorney work product doctrine. *Id.* Rule 502(d) states:

> A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in

which event the disclosure is also not a waiver in any other federal or state proceeding.

Fed. R. Evid. 502(d).

The decision whether to enter an order pursuant to Rule 502(d) is discretionary. *See Proxicom Wireless, LLC v. Target Corp.*, 2020 WL 1671326, at *1 (M.D. Fla. Mar. 25, 2020). Nonetheless, federal courts routinely enter such orders upon the parties' request. *See Diaz v. Chapters Health Sys., Inc.*, 2019 WL 1498873, at *1 (M.D. Fla. Apr. 1, 2019) (collecting cases).

For purposes of facilitating the sharing of information pursuant to Intelident's subpoena to Hancock, *see* (Doc. 189), and to avoid having to litigate the issue of a privilege waiver as to each document exchanged, Intelident and Hancock's proposal for the entry of a Rule 502(d) order serves a useful function here. The Court therefore finds that good cause exists for the entry of such an order in this action.

There is, however, one problem with the parties' proposed order. (Doc. 189-1). Rule 502(e) provides that "[a]n agreement on the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order." Fed. R. Evid. 502(e). In this case, Intelident and Hancock do not represent in their joint motion that Defendants Calvetti Ferguson, LLC and Chin Yu have agreed to the proposed order. (Doc. 189). Accordingly, despite the language of Rule 502(e) indicating that a Rule 502(d) order binds all parties to a federal proceeding, this Order shall apply only to Intelident and Hancock.

In light of the above, it is hereby ORDERED:

1. Intelident and Hancock's *Joint Motion for Entry of 502(d) Order* (Doc. 189) is granted in part and denied in part.

2. Intelident and Hancock's proposed *Order Implementing Federal Rule of Evidence 502(d)* (Doc. 189-1) is adopted and approved, subject to the limitation set forth above.

3. Nothing in this Order shall be construed to abrogate or limit Intelident and Hancock's respective obligations under the Middle District of Florida's Local Rules, including the procedures for filing a motion to seal and the requirement that they confer in good faith to resolve disputed claims of privilege and other discovery matters prior to seeking Court intervention.

DONE and ORDERED in Tampa, Florida, this 27th day of May 2021.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Counsel for Hancock Whitney Bank